1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DARRIEN ROYCE PENNINGTON,   )   **NO. EDCV 14-1747-KLS**
          )
      **Plaintiff,**   )
          )
  **v.**      )   **MEMORANDUM OPINION AND ORDER**
          )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social Security   )
Administration,   )
          )
      **Defendant.**   )
_____   )

**INTRODUCTION**

Plaintiff filed a Complaint on August 27, 2014, seeking review of the denial of his application for supplemental security income ("SSI") benefits.[1]  On June 8, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and either ordering the immediate payment of benefits or remanding the matter for further administrative proceedings.  (Joint Stip. at 13.)  The Commissioner requests that the Court affirm the ALJ's decision or, should the Court reverse the decision, remand for further administrative proceedings in lieu of ordering immediate

---

[1] The Complaint characterizes the Commissioner's decision as denying plaintiff disability insurance benefits (see Complaint at 1), but the Administrative Record ("A.R.") reflects that he applied for, and was denied, SSI.  (See A.R. 11, 149.)

1

1
2
3
4
payment of benefits.  (*Id.* at 14-15.)  On August 13 and 17, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 20, 22, 23.)  The Court has taken the matter under submission without oral argument.

5
6
## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

7
8
9
10
11
12
13
On June 20, 2011, plaintiff, then 23 years old,[2] applied for a period of disability and SSI.  (A.R. 11, 149.)   Plaintiff alleged disability commencing June 1, 2010, due to schizophrenia, depression, and insomnia.  (*Id.* 149, 163.)  Plaintiff had filed a prior application for disability insurance, which was denied at the initial level of review on February 17, 2011.  (*See id.* 11, 159.)  Plaintiff had no prior relevant work experience.  (*Id.* 19, 163-64.)

14
15
16
17
18
19
20
21
The Commissioner denied plaintiff's application on November 4, 2011.  (A.R. 83-88.)  On May 8, 2012, the Commissioner denied plaintiff's request for reconsideration.  (*Id.* 92-98.)  On June 14, 2012, plaintiff requested a hearing.  (*Id.* 100-01.)  On January 30, 2013, plaintiff, who was represented by counsel, testified before Administrative Law Judge Paul Coulter ("ALJ").  (*Id.* 28-41.)  Amanda White, plaintiff's mother, and Gregory Jones, a vocational expert, also testified.  (*Id.* 42-48, 51-53.)  On February 28, 2013, the ALJ issued an unfavorable decision, denying plaintiff's claim for SSI.  (*Id.* 8-21.)  On June 27, 2014, the Appeals Council denied plaintiff's request for review.  (*Id.* 1-3.)

22
23
## SUMMARY OF ADMINISTRATIVE DECISION

24
25
26
The ALJ found that plaintiff had not engaged in substantial gainful activity since June 20, 2011, the application date.  (A.R. 13.)  The ALJ further found that plaintiff had the

27
28

---

[2] Plaintiff was born on October 10, 1987.  (A.R. 149.)

2

1    following severe impairments:  "schizophrenia; depressive disorder; insomnia; and history of

2    polysubstance abuse." (*Id.*)  The ALJ concluded that plaintiff did not have an impairment or

3    combination of impairments that met or medically equaled the severity of any impairments

4    listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 416.920(d), 416.925,

5    416.926). (*Id.* 13-14.)  The ALJ determined that plaintiff had the residual functional capacity

6    ("RFC") to perform "a full range of work at all exertional levels," with two non-exertional

7    limitations:  plaintiff could only perform simple, repetitive tasks, and plaintiff could not

8    interact with the public. (*Id.* 14.)  The ALJ found that plaintiff had no relevant work history,

9    but, considering plaintiff's age, education, work experience, and RFC, there were "jobs that

10   exist in significant numbers in the national economy" that plaintiff could perform, such as

11   the occupations of construction worker II (DOT 869.687-026) and janitor (DOT 381.687-

12   014). (*Id.* 19-20.)  Accordingly, the ALJ found that plaintiff was not disabled. (*Id.* 20-21.)

13

14                                    **STANDARD OF REVIEW**

15

16           Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to

17   determine whether it is free from legal error and supported by substantial evidence in the

18   record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence

19   is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

20   reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of

21   Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).  "Even when the

22   evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's

23   findings if they are supported by inferences reasonably drawn from the record." *Molina v.*

24   *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

25           Although this Court cannot substitute its discretion for the Commissioner's, the Court

26   nonetheless must review the record as a whole, "weighing both the evidence that supports

27   and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v.*

28   *Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted);

1
2
3

*Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

4
5
6
7
8
9
10
11
12
13

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

14
15
16

## DISCUSSION

17
18
19
20

Plaintiff alleges that the ALJ's decision was not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of the psychiatric consultative examiner Dr. Ernest A. Bagner, III, M.D.  (Joint Stip. 3-8.)  For the reasons discussed below, the Court agrees.

21
22
23

**I.        The Opinion Of Dr. Ernest A. Bagner**

24
25
26
27
28

On September 30, 2011, Dr. Bagner, a board eligible psychiatrist, performed a complete consultative psychiatric evaluation of plaintiff.  (A.R. 310-13.)   Dr. Bagner observed that plaintiff drove himself to the appointment, appeared appropriately dressed wearing casual clothing but was poorly groomed, and exhibited "tense" posture during the evaluation.  (*Id.* 310.)   Plaintiff complained of "mood swings, depression and audio

4

1
2
3
4
5

hallucination" and reported taking multiple psychiatric medications with little improvement." (*Id.*)  Plaintiff also told Dr. Bagner that he has never worked for longer than a few months and last worked in 2010 as a "loader"; lives with his mother; hates his father; feels helpless and hopeless; has low motivation; had completed college; and had previously used LSD, but not since 2008.  (*Id.* 310-11.)

6
7
8
9
10
11
12
13
14
15
16

In a section entitled "Mental Status Examination," Dr. Bagner recorded the following observations:  plaintiff was anxious but cooperative; plaintiff's eye contact was poor; plaintiff's mood was "depressed and anxious" and his affect "inappropriately angry"; plaintiff "had paranoid delusions" and said, "People want to get me"; and plaintiff "admitted to auditory hallucinations" – that is, he stated that he "hear[s] voices talking.  (A.R. 311-12.)  Dr. Bagner diagnosed plaintiff with Schizoaffective Disorder not otherwise specified, assessed plaintiff with a Global Assessment of Functioning ("GAF") score of 60, indicating moderate symptoms, such as those which would cause moderate difficulty in social, occupational, or school functioning, determined that plaintiff was not competent to manage his own funds, and stated that "[f]rom a psychiatric point of view, [plaintiff's] prognosis is poor."  (A.R. 313.)

17
18
19
20
21
22

Based on these findings, Dr. Bagner assessed plaintiff as being mildly limited in his ability to follow "simple, oral and written instruction" and moderately limited in his ability to:  "follow detailed instruction"; "interact appropriately with the public, co-workers, and supervisors"; "comply with job rules such as safety and attendance"; "respond to changes in a routine work setting"; and "respond to work pressure in a usual work setting."  (A.R. 313.)  Dr. Bagner also found that plaintiff's daily activities were moderately limited.  (*Id.*)

23
24

## II.    The ALJ's Decision

25
26
27
28

The ALJ stated that he gave "great weight" to Dr. Bagner's findings and conclusions – "greater weight" than he accorded to the State agency review physicians, because Dr. Bagner's assessment "appear[ed] to take into consideration [plaintiff's] subjective

1    complaints and the objective treatment record."   (A.R. 18-19; *see also id.* at 19 ("The

2    findings of Dr. Bagner are not inconsistent with my findings and are given great weight, as

3    they are supported by the overall objective record which shows the claimant is not precluded

4    from performing simple non-public work activity.").)   However, the ALJ's assessment of

5    plaintiff's RFC did not include several of the functional limitations assessed by Dr. Bagner,

6    and the ALJ provided no explanation for his decision to exclude these portions of Dr.

7    Bagner's opinion.

8         Specifically, the ALJ assessed plaintiff as being able to perform a full range of work

9    except that he was limited to simple repetitive tasks and could not have interaction with the

10   public.  (A.R. 14.)  This assessment excludes the following four limitations assessed by Dr.

11   Bagner:  (1) plaintiff is limited in his ability to interact with co-workers and supervisors; (2)

12   plaintiff is limited in his ability to comply with job rules such as safety and attendance; (3)

13   plaintiff is limited in his ability to respond to changes in a routine work setting; and (4)

14   plaintiff is limited in his ability to respond to work pressure in a usual work setting.

15   (*Compare id. with id.* 313.)

16

17   **III.   Discussion**

18

19        The ALJ is required to articulate a "substantive basis" for rejecting a medical opinion

20   or crediting one medical opinion over another.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th

21   Cir. 2014).   When the opinion being rejected belongs to a treating or examining physician

22   and is not contradicted by another medical opinion, the ALJ is required to articulate "clear

23   and convincing" reasons supported by substantial evidence in the record for discounting it.

24   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).   When a treating or examining

25   physician's opinion is contradicted by another medical opinion, the ALJ is required to

26   articulate "specific and legitimate" reasons supported by substantial evidence for discounting

27   it.  *Garrison*, 759 F.3d at 1012.  Thus, an ALJ errs when he discounts a medical opinion, or a

28   portion thereof, "while doing nothing more than ignoring it, asserting without explanation

1    that another medical opinion is more persuasive, or criticizing it with boilerplate language

2    that fails to offer a substantive basis for his conclusion." *Id.* (citing *Nguyen v. Chater*, 100

3    F.3d 1462, 1464 (9th Cir. 1996)).

4        The ALJ also errs by cherry picking the portions of a medical opinion that support his

5    decision while ignoring others. *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014)

6    ("ALJ improperly cherry-picked some of [the examining physician's] characterizations of

7    [plaintiff's] rapport and demeanor instead of considering these factors in the context of [the

8    examining physician's] diagnoses and observations of impairment"); *Holohan v. Massanari*,

9    246 F.3d 1195, 1205 (9th Cir. 2001) (physician's statements "must be read in context of the

10   overall diagnostic picture he draws"); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir.

11   1998) (reversing the ALJ's decision because the ALJ "developed his evidentiary basis by not

12   fully accounting for . . . all parts of the testimony and reports"). The Court is similarly

13   precluded from affirming an ALJ's decision by "isolating a specific quantum of supporting

14   evidence." *Garrison*, 759 F.3d 995 at 1009 (internal citations and quotation marks omitted).

15       Here, the ALJ omitted without explanation four of the functional limitations assessed

16   by Dr. Bagner. The ALJ's failure to articulate a substantive basis for his decision to

17   discount Dr. Bagner's opinion that plaintiff is limited in his ability to interact with co-

18   workers and supervisors, comply with job rules such as safety and attendance, respond to

19   changes in a routine work setting, and respond to work pressure in a usual work setting

20   constitutes legal error. *See Garrison*, 759 F.3d at 1012.

21       Furthermore, the Ninth Circuit's decision in *Hoopai v. Astrue*, 499 F.3d 1071 (9th

22   Cir. 2007), which defendant cites for the proposition that the ALJ may properly omit

23   moderate mental limitations from the RFC, neither excuses nor mitigates the ALJ's error.

24   (*See* Joint Stip. at 9.) The issue in *Hoopai* was whether the ALJ erred by relying on the grids

25   without vocational expert testimony despite the ALJ's finding at step two of the sequential

26   analysis that plaintiff's depression was a severe impairment. *Hoopai*, 499 F.3d at 1075-76.

27   Thus, the analysis in *Hoopai* centered on whether the claimant's "mild or moderate

28   depression" was "a sufficiently severe non-exertional limitation that significantly limit[ed] a

7

1    claimant's ability to do work beyond the exertional limitation" and is inapposite to this case.

2    Plaintiff's impairment is not "mild or moderate depression" but undisputed schizophrenia

3    and psychosis, and the issue in dispute has nothing to do with the ALJ's failure to engage the

4    assistance of a vocational expert in reaching the disability determination.  The Court further

5    notes that, unlike the claimant in *Hoopai*, who received only limited treatment for his

6    depression, plaintiff, according to his medical records, has undergone continual treatment for

7    schizophrenia and depression since 2009.  (A.R. 16; and *see* 221-268.)

8            In sum, the ALJ erred by failing to articulate a substantive basis for his decision to

9    discount Dr. Bagner's opinion, and, on remand, the ALJ must fully account for all parts of

10   Dr. Bagner's opinion and articulate specific reasons for discounting or ignoring any portion

11   thereof.

12

13       **II.      Remand Is Warranted**

14

15           In light of the ALJ's error, this matter must be remanded.  The decision whether to

16   remand for further proceedings or order an immediate award of benefits is within the district

17   court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Under the

18   credit-as-true rule, a district court may remand for an award of benefits when the following

19   three conditions are satisfied:  "(1) the record has been fully developed and further

20   administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide

21   legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

22   opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would

23   be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  The third

24   of these conditions "incorporates . . . a distinct requirement of the credit-as-true rule, namely

25   that there are no outstanding issues that must be resolved before a determination of disability

26   can be made."  *Id.* n.26.  Even if those three requirements are met, however, the Court retains

27   "flexibility" in determining the appropriate remedy and may remand for further proceedings

28   "when the record as a whole creates serious doubt as to whether the claimant is, in fact,

1   disabled within the meaning of the Social Security Act." *Burrell v. Colvin*, 775 F.3d 1133,

2   1141 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1021).

3        Here, it is not clear from the record that Dr. Bagner's opinion, if credited, would

4   necessarily lead to a disability finding. Accordingly, the Court remands for further

5   development of the record, including the proper consideration of the medical record and Dr.

6   Bagner's opinion.

### CONCLUSION

10        For the reasons stated above, IT IS ORDERED that the decision of the Commissioner

11   is REVERSED, and this case is REMANDED for further proceedings consistent with this

12   Memorandum Opinion and Order.

14        IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this

15   Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for

16   defendant.

18        LET JUDGMENT BE ENTERED ACCORDINGLY.

19   .

21   DATE: September 11, 2015

23   KAREN L. STEVENSON
24   UNITED STATES MAGISTRATE JUDGE